· (100 App. Div. 400)

### RAYMOND v. TALLMAN et al.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. APPEAL—QUESTIONS OF FACT.
    Questions of fact may not be presented on appeal by one who neither requested submission to the jury of a question of fact, nor excepted to the direction of the verdict.

2. MOTIONS FOR NONSUIT AND DISMISSAL.
    Defendant, by moving for a nonsuit at the close of plaintiff's case, and for a dismissal of the complaint at the close of the evidence, and taking exceptions to the refusal thereof, preserves his rights, if in no view of the evidence could plaintiff recover.

3. BONDS—LIABILITY OF SURETY—RECITALS.
    The recital in the bond of a surety company, conditioned for payment of a note secured by mortgage, that whereas the principal had executed a note for a certain amount, secured by mortgage inferior to the liens of mortgages for $91,000. is not a condition, so as to release the surety in case of mortgages for a greater amount being prior liens.

Appeal from Trial Term, New York County.

Action by John M. Raymond against Cornelius H. Tallman and the Union Surety & Guaranty Company. From a judgment for plaintiff entered pursuant to a directed verdict, defendant company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William B. Brice, for appellant.
C. R. Freeman, for respondent. ·

LAUGHLIN, J.   This is an action upon a bond executed to Mary
B. Raymond, the plaintiff's wife and assignor, by the defendant Tall-
man as principal, and the appellant as surety, whereby they acknowl-
edged themselves indebted to her in the sum of $6,500.   The bond was
conditioned for the payment to the obligee of the sum of $6,500 accord-
ing to the tenor of. a certain other bond for $6,500, executed to her
by the defendant Tallman, and of a mortgage upon real estate as se-
curity therefor.   Payment of the indebtedness was not made, and the
plaintiff's wife assigned her interest and her claim against the defendants
to him prior to the commencement of the action.   The only point pre-
sented by the appeal is whether a recital in the bond sued upon con-
cerning the mortgage given· as security for the other bond bars a re-
covery.   The appellant is not in a position to present any question of
fact, for it neither requested that any question of fact be submitted to
the jury, nor did it except to the direction of the verdict.   Its counsel,
however, moved for a nonsuit at the close of the plaintiff's case, and
for a dismissal of the complaint at the close of the evidence, and took
an exception to the refusal of the court to grant these motions.   If,
therefore, in no views of the evidence could the plaintiff recover, doubt-
less the appellant's rights are preserved by these exceptions.   The. bond,
after the formal acknowledgment of the indebtedness, and the usual
recital of date and seal, and before the clause containing the condition,
contains the following recital:

"Whereas, the above bounden Cornelius H. Tallman has executed a bond
in the sum of Six thousand five hundred ($6,500) dollars, and bearing six per
cent. interest, which bond is secured by a mortgage for that amount on
the property in Nos. 207 and 209 West Fifty-sixth street, in the city of New
York, and which mortgage shall be inferior only in lien to a mortgage of
Seventy-six thousand ($76,000) dollars to the Bank of Savings, New York
City, and to a mortgage of Fifteen thousand ($15,000) dollars unto A. Ger-
trude Cutter, and which mortgage contains interest, insurance, tax, receiver-
ship, assessment and warranty clauses."

The condition clause of the bond is in the usual form, commencing
with, "Now, therefore, the condition of the above obligation is such
that if" said Tallman, his heirs, administrators, and assigns, shall
well and truly· pay the $6,500, "being the amount of said bond and
mortgage," to the obligee, at maturity, with interest, "then this obliga-
tion is to be void; otherwise to remain in full force, virtue and effect."
Then follow other conditions of the bond with respect to notifying the
surety company of ·the commencement of the foreclosure of any prior
mortgage, and of any default under the other bond.   This bond was
dated the 5th day of November, 1900, and it was acknowledged two
days later.   The mortgage and the other bond were also dated Novem-
ber 5th, and acknowledged on the same day, but the mortgage was not
recorded until three days later.   It does not appear whether they were
delivered at the same or at different times.   The mortgage recites that
the mortgaged premises were then subject to mortgages aggregating
$91,000, being the same amount as that stated in the recital in the bond.
Upon the trial, for the purpose of obviating the necessity of producing

the records, counsel for the plaintiff conceded that there remained undischarged of record upon the premises, senior to the mortgage to the plaintiff's assignor, a mortgage to a savings bank for $60,000, a mortgage for $16,000 to one Crabfelder, a mortgage to one Cutter for $15,000; and, in substance, he admitted that there was another mortgage for $3,000, which he claimed was not a valid existing lien. There is no evidence that either the plaintiff or his assignor made any representation to the surety company concerning the liens upon the property. The surety company is an insurance company, engaged, among other things, in insuring the performance of contracts for hire. The inference is that the plaintiff's assignor required further security of the defendant Tallman as a condition of accepting his bond and mortgage as a satisfaction of an existing indebtedness, and that Tallman employed the surety company to become his surety. The surety company may be entitled to relief against Tallman, but we fail to see any ground for awarding it any relief against the respondent. The surety company undertook with its principal that he would pay the indebtedness owing to the plaintiff's assignor. That was the condition of the bond. The reference to the mortgage is a mere recital, the correctness of which could have been ascertained by the record, but the correctness of this recital was not a condition of the appellant's liability to the assignor of the plaintiff.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.